Willard H. Carr and Jane E. Carr v. Commissioner. Eleanor K. Carr v. Commissioner.
Willard H. Carr & Jane E. Carr v. Commissioner
Docket Nos. 42234, 42288.
United States Tax Court
1954 Tax Ct. Memo LEXIS 303; 13 T.C.M. (CCH) 138; T.C.M. (RIA) 54050; February 12, 1954
*303 Where, pursuant to the provisions of a divorce decree, a husband creates a trust consisting of insurance policies on his own life and the wife has only a remote, contingent interest in those policies, premiums paid by the husband are not income to the wife under section 22 (k), nor are they deductible by the husband under section 23 (u) of the Internal Revenue Code. Lilian Bond Smith, 21 T'C. 353. Harold D. Klipstein, Esq., for the petitioners (Docket No. 42234). James H. Mathias, Esq., 50 Broadway, New York, N. Y., for the petitioner (Docket No. 42288). George E. Grimball, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion Respondent determined deficiencies in income taxes as follows: Petitioners
Doc. No.
Year
Amount
Willard H. Carr and
Jane E. Carr
42234
1948
$1,033.62
Willard H. Carr and
Jane E. Carr
42234
1949
1,179.18
Eleanor K. Carr
42288
1948
234.41
Eleanor K. Carr
42288
1949
234.41
The sole issue remaining for decision is whether certain insurance premiums paid by petitioner, Willard H. Carr, are deductible by him and petitioner, Jane E. Carr, under section 23 (u) of *304 the Code and taxable as income to petitioner Eleanor K. Carr under section 22 (k). Other issues raised in the deficiency notice in Docket No. 42234 are not contested and will be disposed of under Rule 50. Findings of Fact Petitioners Willard H. Carr and Eleanor K. Carr were married in July, 1930. On July 24, 1936, they entered into a separation agreement which was ratified, approved and fully adopted in a decree of divorce entered July 27, 1936. The separation agreement provided for payment by Willard of $10,000 per year to Eleanor until her death or remarriage. It was also provided that Willard would create a trust consisting of securities, mortgage certificates, cash and a remainder interest, the income and, if necessary, the principal, to be used to make up any deficiency in Willard's alimony payments. It was further provided that an insurance trust would be created by petitioner. Pursuant to the separation agreement and the insurance trust agreement, Willard H. Carr transferred to the insurance trust policies of insurance on his own life in the amount of $80,000. The insurance trust agreement provided, in part, as follows: "The Trustees shall hold said policies *305 IN TRUST, for the uses and purposes and upon the terms and conditions following: "FIRST: (A) - The Trustees shall, upon the death of the Grantor, collect the proceeds of said policies of insurance (hereinafter called the 'Proceeds'), and perform any act necessary to collect the same. "(B) - The Trustees shall then pay all necessary expenses chargeable to the Proceeds. "(C) - The Trustees shall hold the balance of the Proceeds, and shall invest, reinvest and keep invested the same, and shall pay over the net income thereof to ELEANOR K. CARR until her death or remarriage, whichever shall first happen. "(D) - The Trustees shall, upon the death or remarriage of ELEANOR K. CARR (or upon the death of the Grantor, if she shall predecease the Grantor or shall have remarried prior to his death), pay over the Proceeds to the executors or administrators of the Grantor, to be administered as part of his residuary estate, or to such other persons as the Grantor may at any time direct, by a written amendment hereto, duly executed by the Grantor and delivered to the Trustees. If the death or remarriage of ELEANOR K. CARR shall occur during the lifetime of the Grantor, then upon either of *306 such events, the Grantor shall have the right, hereby expressly recognized and acknowledged by the Trustees, to demand back and receive of the Trustees the said policies of insurance and fully to terminate this trust. "SECOND: The Grantor reserves unto himself, and shall be entitled to, any payments, whether distributive shares of surplus or dividends or any other kind, available at any time from either of the said policies of insurance during his life, which shall not decrease the face amount thereof; and the Trustees agree, upon written demand of the Grantor, to do all acts necessary to enable the Grantor to receive any such payment or payments." Pursuant to the terms of the separation agreement and the insurance trust, Willard H. Carr paid premiums of $807 in each of the years 1948 and 1949 on the policies of insurance held in the insurance trust. Petitioners Willard H. Carr and his present wife, Jane E. Carr, filed their income tax returns for the years 1948 and 1949 with the collector of internal revenue for the second district of New York. On their income tax return for the year 1948, Willard H. Carr and Jane E. Carr deducted $807, representing the amount of the premiums *307 paid on the policies of insurance held in the insurance trust. Petitioner Eleanor K. Carr filed income tax returns for the years 1948 and 1949 with the collector of internal revenue for the third district of New York. Eleanor K. Carr did not include as income in her income tax returns for each of the years 1948 and 1949 the amount of $807, representing the premiums paid by her former husband, Willard H. Carr, on policies of insurance held by the previously mentioned insurance trust. Willard H. Carr was born on September 28, 1904. Eleanor K. Carr was born on January 29, 1906. Opinion ARUNDELL, Judge. These proceedings, originally brought separately by a divorced wife and by her former husband, (jointly with his present wife) were consolidated for hearing and opinion because of their interrelation. Under the terms of an insurance trust agreement executed pursuant to a separation agreement incident to a divorce, Willard placed certain insurance policies in the insurance trust, and paid the premiums during the years in question. The respondent determined deficiencies against both of the divorced parties, basing his actions on the inconsistent contention that the premium payments *308 were taxable to Eleanor under section 22 (k), but nondeductible, nevertheless, by Willard under section 23 (u). His primary contention, on brief, is that the premiums are neither deductible by Willard nor taxable to Eleanor. The sole issue for decision is whether or not the premiums paid by Willard on those policies in 1948 and 1949 were deductible by him under section 23 (u) of the Code and taxable as income to Eleanor under section 22 (k). We think that our recent decision in Lilian Bond Smith, 21 T.C. 353 (December 8, 1953) makes it clear that where, in the taxable year, the wife receives no economic gain either actually or constructively through the payment of the premiums, she does ont derive taxable income therefrom. There, if the husband died before the death or remarriage of the wife, she was to receive, over a period of years, the proceeds of the policies. the facts in the instant case are more compelling than in the Smith case. If Eleanor survived her former husband, Willard, the trustees of the insurance trust were to collect and invest the proceeds of the policies and to pay only the income therefrom to Eleanor until her death or remarriage, at which time *309 the proceeds were to be returned to Willard's estate. If she died or remarried before Willard's death, he had the right to demand return of the policies and to completely terminate the insurance trust. He also reserved to himself dividends on the policies and like disbursements by the insurance companies insofar as those disbursements did not decrease the face amounts of the policies. Here, the most that Eleanor could ever hope for was the income from those proceeds until her death or remarriage. Cf. Seligmann v. Commissioner, (C.A. 7, 1953) 207 Fed. (2d) 489, reversing a Memorandum Opinion [11 TCM 1170,] of this Court. Since the premiums in question were not income to Eleanor, it follows that they may not be deducted by Willard and Jane, since deductibility under section 23 (u) is made expressly dependent upon includibility under section 22 (k). Decisions will be entered under Rule 50.